UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ELIZABETH FAUGHNAN,

                  *Plaintiff*,

        -against-

NASSAU HEALTH CARE CORPORATION,

                  *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No. 2:19-cv-03171-RJD-RLM

**ORAL ARGUMENT**
**REQUESTED**

---

### DEFENDANT NASSAU HEALTH CARE CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

---

**ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
Tel: (718) 215-5300
Fax: (718) 215-5304
*Attorneys for Defendant Nassau Health Care Corporation*

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ............................................................................1

II.   FACTUAL BACKGROUND..............................................................................2

   A.  Allegations About Plaintiff's Employment ................................................2

   B.  Allegations About Other Employees..........................................................4

III.  LEGAL STANDARDS ....................................................................................4

IV.  ARGUMENT AND AUTHORITIES ...............................................................5

   A.  Plaintiff's NYSHRL, ADEA, And Title VII Claims Are Time-Barred. ...........................5

      1.   The relevant statutes of limitations. ...............................................5

          i.   New York State Human Rights Law .........................................5

          ii.  The ADEA and Title VII ..........................................................6

      2.   Many of Plaintiff's allegations are untimely under the NYSHRL, ADEA, and/or Title VII. ............................................................6

   B.  Plaintiff Fails To State A Claim For Age Discrimination Because Plaintiff Does Not Allege Adverse Employment Action Motivated By Discriminatory Animus.............7

   C.  Plaintiff's Equal Pay Claims Fail Because Plaintiff Fails To Identify Any Valid Comparator....................................................................................12

   D.  Plaintiff's Gender Claims Fail Because Plaintiff Does Not Identify Any Adverse Action Taken On The Basis Of Gender. ..................................................15

   E.  Plaintiff's Claim For Hostile Work Environment Fails Because The Amended Complaint Lacks Any Well-Pleaded Claim Of Hostility. ......................................16

   F.  Because Plaintiff's Federal Claims Fail, The Court Lacks Subject Matter Jurisdiction Over This Action. ....................................................................17

V.   CONCLUSION.............................................................................................18

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Annunziata v. Int'l Bd. of Elec. Workers Local Union # 363*,
   15-CV-03363 (NSR), 2018 WL 2416568 (S.D.N.Y. May 29, 2018) .....................................17

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...........................................................................................................4, 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..............................................................................................................5

*Castagna v. Luceno*,
   2011 WL 1584593 (S.D.N.Y. April 26, 2011)......................................................................13

*Chau–Kun Shih v. City of New York*,
   03-CV-8279 (LAP), 2006 WL 2789986 (S.D.N.Y. Sept. 27, 2006)......................................22

*Chiaramonte v. Center*,
   13-CV-5117 (KPF), 2016 WL 299026 (S.D.N.Y. Jan. 22, 2016)..........................................17

*Craig v. Yale University School of Medicine*,
   10-CV-1600 (JBA), 2013 WL 789718 (D.Conn. Mar. 4, 2013).............................................21

*Dimitracopoulos v. City of New York*,
   26 F.Supp.3d 200 (E.D.N.Y 2014)........................................................................................7

*E.E.O.C. v. Port Auth. of N.Y. & N.J.*,
   768 F.3d 247 (2d Cir. 2014)................................................................................. 16, 17, 18

*Eng v. City of New York*,
   715 F.App'x 49 (2d Cir. 2017)..............................................................................................19

*Ferrara v. New York State Div. of Human Rights*,
   154 A.D.3d 715 (2d Dep't 2017) .......................................................................................6, 7

*Forrest v. Jewish Guild for the Blind*,
   3 N.Y.3d 295 (2004)............................................................................................................14

*Foster v. Humane Society of Rochester & Monroe County*,
   724 F.Supp.2d 382 (W.D.N.Y. 2010)...................................................................................12

*Frasier v. Gen. Elec. Co.*,
   930 F.2d 1004 (2d Cir. 1991)...............................................................................................15

*Gaffney v. Mamaroneck Police Dep't.*,
   15-CV-5290 (CS), 2016 WL 4547499 (S.D.N.Y. Aug. 31, 2016) ...........................................8

*Garcia v. Barclays Cap., Inc.*,
   13-CV-5308 (VSB), 2017 WL 5499789 (S.D.N.Y. Nov. 15, 2017)........................................17

*Gibson v. Jacob K. Javits Convention Ctr. of New York*,
   95-CV-9728 (LAP), 1998 WL 132796 (S.D.N.Y. Mar. 23, 1998)..........................................17

*Gorzynski v. JetBlue Airways Corp.*,
   596 F.3d 93 (2d Cir. 2010)...................................................................................................23

*Harris v. Forklift Sys., Inc.*,
   510 U.S. 17 (1993) ...............................................................................................................14

*Heap v. County of Schenectady*,
   214 F.Supp.2d 263 (N.D.N.Y. 2002).....................................................................................17

*Humphrey v. Onondaga Cty. Sheriff's Dep't*,
   120 F.App'x 395 (2d Cir. 2005)............................................................................................22

*Johnson v. DCM Erectors, Inc.*,
   15-CV-5415 (PKC), 2017 WL 1435745 (S.D.N.Y. Apr. 21, 2017) .......................................23

*Kassner v. 2d Ave. Deli. Inc.*,
   496 F.3d 229 (2d Cir. 2007).............................................................................................6, 8

*Kearse v. ATC Healthcare Servs.*,
   12-CV-233 (NRB), 2014 WL 958738 (S.D.N.Y. Mar. 11, 2014) ..........................................21

*Kouassi v. New York city Dep't of Homeless Servs.*,
   14-CV-7445 (RRM) (LB), 2017 WL 4342093 (E.D.N.Y. Sept. 25, 2017).............................12

*Lebowitz v, New York City Dep't of Educ.*,
   15-CV-2890, 15-cv-5548 (LDH)(ST), 2017 WL 1232472 (E.D.N.Y. Mar. 31, 2017).......11, 14

*Liburd v. Bronx Lebanon Hosp. Ctr.*,
   2008 WL 3861352 (S.D.N.Y. Aug. 19, 2008) ......................................................................13

*Lifrak v. N.Y. City Council*,
   389 F.Supp.2d 500, 506 (S.D.N.Y. 2005) ............................................................................22

*Maack v. Wyckoff Heights Med. Ctr.*,
   15-CV-3951 (ER), 2016 WL 3509338 (S.D.N.Y. June 21, 2016).........................................18

*Mabry v. Neighborhood Defender Serv.*,
   769 F.Supp.2d 381 (S.D.N.Y. 2011) ...................................................................................9, 10

*Makarova v. United States*,
   201 F.3d 110, 113 (2d Cir. 2000)........................................................................................22

*Mayo-Coleman v. Am. Sugar Holding, Inc.*,
  14-CV-0079 (PAC) (KNF), 2015 WL 4393778 (S.D.N.Y. July 17, 2015)............................23

*McGrath v. Reuters*,
  10-CV-4944 (JSR)(JCF), 2012 WL 2119112 (S.D.N.Y. Apr. 30, 2012).................................21

*McPherson v. N.Y.C. Dep't of Educ.*,
  457 F.3d 211 (2d Cir. 2006)...................................................................................................7

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
  715 F.3d 102 (2d Cir. 2013).................................................................................................11

*Miller v. City of New York*,
  15-CV-7563, 2018 WL 2059841 (S.D.N.Y. May 1, 2018) ....................................................16

*Moore v. Verizon*,
  13-CV-6467 (RJS), 2016 WL 825001 (S.D.N.Y. Feb. 5, 2016)..............................................9

*Nat'l R.R. Passenger Corp v. Morgan*,
  536 U.S. 101 (2002) ...............................................................................................................8

*Ndremizara v. Swiss Re Am. Hold'g Corp.*,
  93 F.Supp.3d 301 (S.D.N.Y. 2015) ......................................................................................11

*Nicosia v. Town of Hempstead*,
  16-CV-1176 (SJF)(SIL), 2017 WL 9485669 (E.D.N.Y. June 14, 2017) ..................................6

*Perez v. Harbor Freight Tools*,
  698 F.App'x 627 (2d Cir. 2017)...............................................................................................7

*Pfizenmayer v. Hicksville Pub. Schs.*,
  15-CV-6987 (SJF)(SIL), 2017 WL 5468319 (E.D.N.Y. Jan. 24, 2017) ..................................10

*Raum v. Laidlaw, Ltd.*,
  173 F.3d 845 (2d Cir. 1999)..................................................................................................21

*Robins v. New York City Bd. of Educ.*,
  07-CV-3599 (JGK)(KNF), 2010 WL 2507047 (S.D.N.Y. June 21, 2010),
  *aff'd*, 606 Fed. Appx. 630 (2d Cir. 2015) ...............................................................................9

*Robles v. Cox and Co., Inc.*,
  987 F.Supp.2d 199 (E.D.N.Y. 2013)......................................................................................14

*Russell v. Aid to Developmentally Disabled, Inc.*,
  753 F.App'x 9 (2d Cir. 2018)................................................................................................20

*San Juan v. Leach*,
  717 N.Y.S.2d 334 (N.Y. App. Div., 2d Dep't 2000)..............................................................15

*Staten v. City of New York*,
  14-CV-407 (ER), 2015 WL 4461688 (S.D.N.Y July 20, 2015) ..............................................12

*Taylor v. City of New of York*,
  207 F.Supp.3d 293 (S.D.N.Y. 2016) ...................................................................................6

*Thomson v. Odyssey House*,
  14-CV-3857 (MKB), 2015 WL 5561209 (E.D.N.Y. Sept. 21, 2015)
  *aff'd*, 652 F.App'x 44 (2d Cir. 2016) ..................................................................................8

*Todaro v. Siegel Fenchel & Peddy, P.C.*,
  04-CV-2939 (JS) (WDW), 2009 WL 3150408 (E.D.N.Y. Sept. 25, 2008)...........................15

*Tomka v. Seiler Corp.*,
  66 F.3d 1295 (2d Cir. 1995)...............................................................................................16

*Wang v. Palmisano*,
  157 F.Supp.3d 306 (S.D.N.Y. 2016) .................................................................................12

*Whyte v. Contemporary Guidance Servs., Inc.*,
  03-CV-5544 (GBD), 2004 WL 1497560 (S.D.N.Y. July 2, 2004) .........................................13

*Winston v. Verizon Servs. Corp.*, 633 F.Supp.2d 42 (S.D.N.Y. 2009) ........................................20

*Wurtzburger v. Koret*,
  16-CV-7897 (KMK), 2018 WL 2209507 (S.D.N.Y. May 14, 2018)......................................23

## Statutes

29 C.F.R. § 1620.14(a)..........................................................................................................14

29 U.S.C. § 623(a) .................................................................................................................8

Fed. R. Civ. P. 12(b)(6)...........................................................................................................5

Fed. R. Civ. P. 8...................................................................................................................5

N.Y. Executive Law § 297(5).....................................................................................................6

Defendant Nassau Health Care Corporation ("NHCC") respectfully submits this Memorandum of Law in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss plaintiff Elizabeth Faughnan's ("Plaintiff") amended complaint (Dkt. No. 16, the "Amended Complaint").

## I.   PRELIMINARY STATEMENT

Plaintiff was an attorney at NHCC until she was terminated as part of a largescale layoff resulting from a change in management. In this lawsuit, Plaintiff alleges a smattering of claims asserting numerous categories of alleged discrimination. On October 18, 2019, Plaintiff filed her Amended Complaint. Plaintiff's Amended Complaint, while longer than her original complaint, fails to remedy the fatal defects that undermine her case, and should be dismissed in its entirety.

As a threshold matter, the Amended Complaint consists largely of threadbare conclusions without basic factual predicates. Indeed, the Amended Complaint is riddled with conclusory assertions, allegations made solely "upon information and belief," and conjecture made without a scintilla of factual support, which are entitled to no legal weight. Stripped of its window dressing, the Amended Complaint fails to allege basic facts sufficient to support its claims, and this pleading failure requires dismissal.

The few details that are set forth in the Amended Complaint confirm that many of Plaintiff's claims are time-barred. Specifically, Plaintiff's claim under the New York State Human Rights Law ("NYSHRL") is subject to a three-year statute of limitations, and Plaintiff's claims under the Age Discrimination in Employment Act ("ADEA") and Title VII require that the plaintiff file a charge of discrimination within 300 days of the alleged discriminatory act. Yet Plaintiff improperly relies on alleged acts that purportedly occurred well before the limitations periods for those claims, warranting dismissal as a matter of law.

1

In addition, Plaintiff fails to state viable causes of action for age discrimination under either the ADEA, Title VII, or the NYSHRL because she does not and cannot sufficiently allege that NHCC ever took any action for any discriminatory purpose.  In fact, Plaintiff's allegations, when read as a whole, actually *negate* any inference of discrimination.  Likewise, Plaintiff fails to state a cause of action under the Equal Pay Act ("EPA") because Plaintiff does not sufficiently identify any "comparator" employee who performed equal work, and had a job requiring equal skill, effort and responsibility, who earned more than Plaintiff.  And Plaintiff cannot state a claim for hostile work environment under Title VII because Plaintiff fails to allege any cognizable hostility, or that any alleged conduct was sufficiently severe or pervasive.  In short, a complaint like the one filed here flunks Rule 12(b)(6).  For these reasons and the additional reasons set forth below, this case should be dismissed in its entirety.

## II.   FACTUAL BACKGROUND

The following facts are summarized from the allegations in Plaintiff's Amended Complaint.  For purposes of this motion only, any well-pleaded factual allegations are taken as true.  However, as set forth below, Plaintiff's Amended Complaint improperly relies heavily on conclusory assertions and, in any event, Plaintiff fails to state a viable cause of action.

### A.   Allegations About Plaintiff's Employment

Plaintiff alleges that on or around March 25, 2013, she was hired by NHCC, a public benefit corporation, as Deputy Executive Director at a salary of $160,000.  (Am. Cmplt. ¶ 14).  Plaintiff does not allege that her employment was governed by any contract or agreement, or that her employment was anything other than at-will.

Plaintiff claims that attorneys within the Office of Legal Affairs were assigned board subcommittees to act as a liaison and would prepare contracts.  (Am. Cmplt. ¶ 15).

2

At her job interview, in February or March 2013, Plaintiff commented that she had a small legal outside practice that handled random traffic tickets or closings for relatives and close friends. (Am. Cmplt. ¶ 16).  She claims that she was informed that no outside law practice was permitted while working for NHCC.  (Am. Cmplt. ¶ 17).

Plaintiff alleges that in March 2014, she was asked to take on part of the job duties of an employee who had resigned, while maintaining her own workload.  (Am. Cmplt. ¶ 19).  She alleges that she was the only attorney who was asked to take on such duties.  (Am. Cmplt. ¶ 21).  Notably, Plaintiff does not (and cannot) allege that she was in a union position that came with  any job restrictions.

Plaintiff alleges that on around March 20, 2014, a representative of NHCC asked Plaintiff to take on a new position of Assistant Nassau Health Care Corporation Counsel.  (Am. Cmplt. ¶¶ 23-24).   Plaintiff agreed, and her salary remained at $160,000 for the remainder of her employment.  (Am. Cmplt. ¶¶ 25-26).

Plaintiff alleges that her employment was terminated on or about on February 20, 2018. (Am. Cmplt. ¶ 70).  Plaintiff does *not* allege that she was terminated for any discriminatory reason and, in fact, her allegations show that she was terminated around the same time as a number of other employees of varying ages, and of different genders.  Plaintiff admits that she was given significant severance upon being terminated (which was not legally required, and which is an exceedingly rare occurrence for municipal employees), but claims that she was not allowed to negotiate her severance to the same extent as certain other employees.[1]  (Am. Cmplt. ¶¶ 69-72).

---

[1]     Plaintiff fails to allege, other than conclusorily or by vague implication, that any such other employees were similarly situated within the meaning of the applicable laws.

B.    **Allegations About Other Employees**

Plaintiff's statement of facts includes a scattershot compendium of allegations about other employees relating to ordinary occurrences arising in the normal course of workplace personnel management.  There is nothing to support any inference of animus.

For example, Plaintiff alleges that in between the time she was hired (on March 25, 2013) and the time she was terminated (on February 20, 2018), a number of other employees—both male and female, some of whom were younger than Plaintiff and some older—were hired, promoted, given raises, resigned, retired, and/or were terminated.

Plaintiff states conclusorily that "the attorneys whom worked in the Office of Legal Affairs shared the same skill, tasks, qualities and responsibilities expected of an attorney registered in the State of New York." (Am. Cmplt. ¶ 27).  But Plaintiff fails to identify any specific employee who she claims had equal skill, responsibility, and experience, and the same background, duties, reporting structure, tasks, and job functions.  Plaintiff also includes a series of stale one-off allegations that she was left out of a meeting or offended by an offhand remark, but those assertions do nothing to support Plaintiff's deficient and time-barred claims.

Similarly, Plaintiff complains of several trivial grievances, such as that one employee purportedly yelled at her (Am. Cmplt. ¶ 30) and allegedly did not meet with female employees alone (Am. Cmplt. ¶ 29).  These contentions, even if true, are insufficient as a matter of law to support any cause of action.

### III.    LEGAL STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Plaintiff must allege facts that make her claims not only conceivable, but plausible.

*Twombly*, 550 U.S. at 570.  For a claim to be plausible, the plaintiff must plead factual allegations that "raise a right to relief above the speculative level."  *Id*. at 555.  To satisfy Fed. R. Civ. P. 8(a)(2), the allegations must "possess enough heft to 'show that the pleader is entitled to relief.'"  *Id*. at 557.

Plaintiff's obligation to provide the factual grounds for her claims "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Similarly, naked assertions devoid of factual enhancement cannot support a claim.  *Id*. at 557.  Although factual allegations in a complaint are accepted as true on a motion to dismiss, the same does not apply to conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.  Rather, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.

## IV.   ARGUMENT AND AUTHORITIES

Plaintiff's Amended Complaint seeks to assert causes of action under the EPA (first cause of action), New York Labor Law (second cause of action), ADEA (third cause of action), NYSHRL (fourth, seventh, and eighth causes of action), and Title VII (fifth and sixth causes of action).  Plaintiff fails to meet her pleading requirements for any of these claims.

### A.   Plaintiff's NYSHRL, ADEA, And Title VII Claims Are Time-Barred.

#### 1.  The relevant statutes of limitations.

##### i.   New York State Human Rights Law

To bring a claim for age discrimination under the NYSHRL, a claim must be brought within three years.  Thus, any claim accruing before <u>May 28, 2016</u> is time-barred and must be dismissed.  *See Kassner v. 2d Ave. Deli. Inc.*, 496 F.3d 229, 238 (2d Cir. 2007);  *Nicosia v. Town of Hempstead*, 16-CV-1176 (SJF)(SIL), 2017 WL 9485669 at *10 (E.D.N.Y. June 14, 2017), *report adopted at*,

2017 WL 3769246 (E.D.N.Y. Aug. 28, 2017);  *Taylor v. City of New of York*, 207 F.Supp.3d 293, 302 (S.D.N.Y. 2016).

In addition, a plaintiff bringing a claim under the NYSHRL is required to file a complaint with New York Division of Human Rights ("DHR") within one year.  *Ferrara v. New York State Div. of Human Rights*, 154 A.D.3d 715, 716 (2d Dep't 2017).  Indeed, N.Y. Executive Law § 297(5) provides that "[a]ny complaint filed pursuant to this section must be so filed within one year after the alleged unlawful discriminatory practice."  This provision "is in the nature of a statute of limitations and, thus, is mandatory."  *Ferrara*, 154 A.D.3d at 716 (citations omitted).

### ii.  The ADEA and Title VII

To bring a claim under the ADEA or Title VII, a plaintiff is required to exhaust her administrative remedies by first filing a complaint with the EEOC.  *See McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 213 (2d Cir. 2006).  Such charge of discrimination must be filed within 300 days of the alleged discriminatory act.  *See Perez v. Harbor Freight Tools*, 698 F.App'x 627 (2d Cir. 2017);  *Dimitracopoulos v. City of New York*, 26 F.Supp.3d 200, 212 (E.D.N.Y 2014).

Plaintiff alleges that she filed an EEOC charge on December 17, 2018.  (Am. Cmplt. ¶ 5).  As such, any ADEA or Title VII claim based upon alleged discriminatory acts occurring before February 20, 2018 is time-barred.

### 2.  Many of Plaintiff's allegations are untimely under the NYSHRL, ADEA, and/or Title VII.

Plaintiff's Amended Complaint realies heavily upon a number of factual allegations from dates well before the one or both of the applicable cutoffs.  (*See, e.g.*, Am. Cmplt. ¶¶ 16-19, 22-26, 32-33, 35-38, 40-47, 51-65, 67-69, 77, 103-107, 111).

Furthermore, although Plaintiff has included in her Amended Complaint a new conclusory assertion that "Plaintiff is entitled to the application of the continuing violation doctrine" (Am.

Cmplt. ¶¶ 126, 138, 144, 156, 162, 167, 171), Plaintiff fails to allege any non-conclusory facts that could support application of the doctrine. *Thomson v. Odyssey House*, 14-CV-3857 (MKB), 2015 WL 5561209, at *9 (E.D.N.Y. Sept. 21, 2015) *aff'd*, 652 F.App'x 44 (2d Cir. 2016).

In any event, the continuing violation doctrine cannot salvage Plaintiff's claims because the doctrine does not apply to discrete acts, such as single remarks, one-off incidents, or denials of preferred assignments. *See Nat'l R.R. Passenger Corp v. Morgan*, 536 U.S. 101, 113-14 (2002); *Kassner*, 496 F.3d at 239; *Gaffney v. Mamaroneck Police Dep't.*, 15-CV-5290 (CS), 2016 WL 4547499, at *4 (S.D.N.Y. Aug. 31, 2016) *citing Nat'l R.R. Passenger v. Morgan*, 536 U.S. 101, 111, 122 S. Ct. 2016, 153 L. Ed. 106 (2002). Here, many of Plaintiff's allegations, even if they could otherwise support a cognizable claim, not support application of the continuing violations doctrine because they relate solely to such discrete acts that lack any linkage or pattern. (*See, e.g.*, Am. Cmplt. ¶¶ 17, 19, 23, 28, 50, 79-80, 92).

Accordingly, Plaintiff's NYSHRL, ADEA and Title VII claims are time-barred to the extent that they rely on allegations occurring prior to the respective cutoffs.

**B.     Plaintiff Fails To State A Claim For Age Discrimination Because Plaintiff Does Not Allege Adverse Employment Action Motivated By Discriminatory Animus.**

Even if they were not stale, Plaintiff's causes of action for age discrimination under the ADEA (third cause of action) and NYSHRL (fourth cause of action) should be dismissed because the alleged circumstances about which Plaintiff complains do not constitute adverse employment actions, and the Amended Complaint lacks any allegation of any action motivated by discriminatory animus related to Plaintiff's age.

The ADEA protects workers over the age of forty from discrimination by their employers on the basis of their age. 29 U.S.C. § 623(a). To establish a *prima facie* case of employment discrimination under the ADEA, a plaintiff must show that "(1) [she] was within the protected age

group; (2) that [she] was qualified for his position; (3) that [she] experienced an adverse employment action; and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *Moore v. Verizon*, 13-CV-6467 (RJS), 2016 WL 825001, at *8 (S.D.N.Y. Feb. 5, 2016); *Robins v. New York City Bd. of Educ.*, 07-CV-3599 (JGK)(KNF), 2010 WL 2507047, at *6 (S.D.N.Y. June 21, 2010), *aff'd*, 606 Fed. Appx. 630, 631 (2d Cir. 2015) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). The same analysis applies to age claims brought under the NYSHRL. *See Moore*, 2016 WL 825001 at *8.

The events alleged by Plaintiff do not rise to the level of an adverse employment action. *Mabry v. Neighborhood Defender Serv.*, 769 F.Supp.2d 381, 392 (S.D.N.Y. 2011). Plaintiff's Amended Complaint includes only four allegations which could even conceivably relate to a claim of age-based discrimination: (i) Plaintiff's title changed in March of 2014 from Deputy Executive Director to Assistant NHCC Counsel (Am. Cmplt. ¶¶ 23-26); (ii) certain employees who were younger than Plaintiff allegedly earned more than her and/or were given more leeway when negotiating their severance (Am. Cmplt. ¶¶ 67, 89); (iii) an attorney who was younger than Plaintiff was hired "in the same title," at a salary that was lower than Plaintiff's salary (Am. Cmplt. ¶¶ 96-101); and (iv) Plaintiff was terminated on February 20, 2018 (Am. Cmplt. ¶ 70). None of these allegations support a claim.[2]

With respect to the change to Plaintiff's title, Plaintiff fails to show how this event could have adversely impacted the terms and conditions of her employment in any material way. Indeed, Plaintiff admits that her $160,000 salary remained unchanged. (Am. Cmplt. ¶¶ 14, 26, 34). Plaintiff fails to allege any facts demonstrating that her job responsibilities changed in any way, or that the terms and conditions of her employment were altered. Reassignments, even if involving

---

[2]    Notably, Plaintiff alleges a purported pay disparity "was due to gender" (as opposed to age). (Am. Cmplt. ¶ 115).

a change in duties, are not adverse employment actions unless there is a material alteration of plaintiff's responsibilities or some other indicia that the terms and conditions of her employment have changed such as a salary decrease or loss of benefits. *See Mabry*, 799 F.Supp.2d at 393-394 (Plaintiff's allegation that his management duties were reduced without setting forth any facts as to exactly how his management duties were affected fails to demonstrate that he was subjected to an adverse employment action); *Pfizenmayer v. Hicksville Pub. Schs.*, 15-CV-6987 (SJF)(SIL), 2017 WL 5468319, at *7-8 (E.D.N.Y. Jan. 24, 2017) (dissatisfaction with work assignments and schedules not an adverse employment action).

Furthermore, Plaintiff fails to suggest that either the change in her title, or her termination, would not have occurred without taking plaintiff's age into consideration. *See Lebowitz v, New York City Dep't of Educ.*, 15-CV-2890, 15-cv-5548 (LDH)(ST), 2017 WL 1232472, at *7 (E.D.N.Y. Mar. 31, 2017) (at the motion to dismiss stage, an ADEA and HRL complaint must allege that "the adverse employment action would not have occurred without" age-based discrimination). A failure to adequately plead the existence of discriminatory animus is grounds for dismissal under the ADEA and the NYSHRL. "[A]n ADEA complaint must contain sufficient facts to make plausible the conclusion that but for [her] age, the plaintiff would still be employed." *Ndremizara v. Swiss Re Am. Hold'g Corp.*, 93 F.Supp.3d 301, 316 (S.D.N.Y. 2015); *see also Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (under the NYCHRL the "plaintiff still bears the burden of showing that the conduct is caused by a discriminatory motive.").

Plaintiff's bald allegations that "Ms. Faughnan *believes* she was replaced with employees significantly younger than her" (Am. Cmplt. ¶ 100; emphasis added), and that a younger employee either earned more or was given more severance, are insufficient to create a plausible inference of

age discrimination.  Plaintiff fails to allege any facts to demonstrate that the employee that allegedly replaced her was not qualified for the position.  Likewise, Plaintiff's claims that she received a lower salary than one younger employee, or that she was not permitted to negotiate her severance to the same extent as others, lack sufficient detail to establish any discriminatory motive. "Such conclusory assertions 'without supporting factual allegations, . . . are not entitled to a presumption of truth.'"  *Wang v. Palmisano*, 157 F.Supp.3d 306, 340 (S.D.N.Y. 2016);  *Staten v. City of New York*, 14-CV-407 (ER), 2015 WL 4461688, at *10-13 (S.D.N.Y July 20, 2015); *Kouassi v. New York city Dep't of Homeless Servs.*, 14-CV-7445 (RRM) (LB), 2017 WL 4342093, at *4 (E.D.N.Y. Sept. 25, 2017) (Court granted defendant's motion to dismiss because plaintiff "provide[d] no details about . . . the younger employees' age, their work experiences or whether DHS knew their age.").  It is also notable that the employee who Plaintiff believes may have replaced her was not hired as an attorney until December 4, 2018—nearly *ten months after* Plaintiff was terminated.  (*Compare* Am. Cmplt. ¶ 70 *with* ¶ 98).

Simply put, Plaintiff does not plead any facts that give rise to a reasonable inference that anyone discriminated against her because of her age.  *See Foster v. Humane Society of Rochester & Monroe County*, 724 F.Supp.2d 382, 390 (W.D.N.Y. 2010) (dismissing age discrimination claim because plaintiff's complaint was "virtually devoid of facts indicating that plaintiff's age had anything to do with her termination, other than the fact that plaintiff was over forty years of age when she was fired.");  *Castagna v. Luceno*, 2011 WL 1584593, *11 (S.D.N.Y. April 26, 2011) (granting motion to dismiss where plaintiff's "only allegation even potentially related to the age discrimination claim is the allegation that [plaintiff] was born in 1949. Such an allegation cannot possibly support a claim for age discrimination").

Indeed, Plaintiff's allegations actually demonstrate that Plaintiff was *not* subjected to age discrimination.  For example, Plaintiff admits that NHCC hired her when she was already within the protected age group (age 44), negating any suggestion that NHCC harbored age-based animus. (*See* Am. Cmplt. ¶¶ 9, 14).  *See Liburd v. Bronx Lebanon Hosp. Ctr.*, 2008 WL 3861352, *6 (S.D.N.Y. Aug. 19, 2008) (stating that plaintiff's age discrimination allegations were "belied" by the fact that she was hired at the age of forty-seven);  *Whyte v. Contemporary Guidance Servs., Inc.*, 03-CV-5544 (GBD), 2004 WL 1497560, at *3 (S.D.N.Y. July 2, 2004).  And, Plaintiff admits that she was terminated at around the same time as a large number of other employees—some of whom were younger than her—in connection with a change in administration at NHCC.  (*See, e.g.*, Am. Cmplt. ¶¶ 68, 83, 85, 89).  *See Robles v. Cox and Co., Inc.*, 987 F.Supp.2d 199, 208 (E.D.N.Y. 2013) ("The fact that younger employees were dismissed along with the plaintiff refutes rather than supports her claim of age discrimination").  At the time that Plaintiff was terminated, she was informed that "the Board decided that her position would be eliminated and therefore her services were no longer needed."  (Am. Cmplt. ¶ 71).  Notably, Plaintiff does *not* allege that this justification for her termination was false or pretextual.  These facts negate, rather than create, an inference of age discrimination.

Plaintiff's age discrimination claims also fail to the extent that they are based on a hostile work environment theory.  To state such a claim under the ADEA or NYSHRL, Plaintiff must establish that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment."  *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 310 (2004) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (citations and internal quotation marks omitted));  *Lebowitz*, 15-CV-2890 (LDH)(ST), 2017 WL 1232472, at *14 ("The standards for

evaluating hostile work environment claims are identical under Title VII, the ADEA, and the NYSHRL.").  The behavior must be "such that a reasonable person would find [it] hostile or abusive, and such that the plaintiff herself, did, in fact, perceive it to be so."  *San Juan v. Leach*, 717 N.Y.S.2d 334, 336 (N.Y. App. Div., 2d Dep't 2000).

Here again, Plaintiff fails to allege facts creating an inference of discrimination.  Plaintiff does not allege that older employees were subject to any specific "discriminatory intimidation, ridicule, and insult," that was severe and pervasive.  Indeed, the Amended Complaint does not contain any allegation about any comment or action relating to Plaintiff's age, or the age of any other employee.  Based upon a review of Plaintiff's allegations, there is simply no way that "a reasonable person would find [the environment] hostile or abusive, and [] that the plaintiff herself, did, in fact, perceive it to be so."  *San Juan*, 717 N.Y.S.2d at 336.

In light of the foregoing, Plaintiff has failed as a matter of law to state a claim for age discrimination.

## C.   Plaintiff's Equal Pay Claims Fail Because Plaintiff Fails To Identify Any Valid Comparator.

Plaintiff's causes of action under the federal Equal Pay Act (first cause of action) and the New York Equal Pay Act (second cause of action) fail because Plaintiff does not sufficiently identify any employee who performed equal work, and had a job requiring equal skill, effort and responsibility, who earned more than Plaintiff.

The scope of EPA is "narrow" (*Todaro v. Siegel Fenchel & Peddy, P.C.*, 04-CV-2939 (JS) (WDW), 2009 WL 3150408, at *7 (E.D.N.Y. Sept. 25, 2008)), and conclusory allegations cannot withstand a motion to dismiss (*Frasier v. Gen. Elec. Co.*, 930 F.2d 1004, 1007-08 (2d Cir. 1991)).  To establish a violation, a plaintiff must first come forward with a *prima facie* case that "(1) the employer pays different wages to employees of the opposite sex; (2) the employees perform equal

work on jobs requiring equal skill, effort and responsibility; and (3) the jobs are performed under similar working conditions." *E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254–55 (2d Cir. 2014) (internal citation and alterations omitted); *Miller v. City of New York*, 15-CV-7563, 2018 WL 2059841, at *3 (S.D.N.Y. May 1, 2018), *aff'd sub nom. Bloise v. City of New York*, 18-CV-1607, 2019 WL 2266627 (2d Cir. May 28, 2019).

If the work is not the same job, an equal pay claim fails for lack of a comparator. "While the equal work inquiry does not demand evidence that a plaintiff's job is 'identical' to a higher-paid position, the standard is nonetheless demanding, requiring evidence that the jobs compared are 'substantially equal.'" *Port Auth.*, 768 F.3d at 255; *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1310 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998) ("[J]obs which are 'merely comparable' are insufficient to satisfy a plaintiff's prima facie burden."); 29 C.F.R. § 1620.14(a).[3]

The standard for what constitutes "equal work" is "high." *See Heap v. County of Schenectady*, 214 F.Supp.2d 263, 271 (N.D.N.Y. 2002). To survive the pleading stage, an EPA claim must include "sufficient factual matter, accepted as true, to permit the reasonable inference that the relevant employees' ***job content was substantially equal***." *Port Auth.*, 768 F.3d at 256 (emphasis added). "[B]road generalizations" are not sufficient, because the standard under the EPA is "nonetheless demanding" and the "focus on job content has been a constant . . . ." *Id.* at 255-56.[4]

---

[3]   In fact, "Congress rejected statutory language encompassing 'comparable work' to instead mandate equal pay for 'equal work.'" *Port Auth.*, 768 F.3d at 254 (internal citation omitted).

[4]   Claims under the federal and New York equal pay statutes are analyzed under the same standard. *See Garcia v. Barclays Cap., Inc.*, 13-CV-5308 (VSB), 2017 WL 5499789, at *14 n.27 (S.D.N.Y. Nov. 15, 2017); *Gibson v. Jacob K. Javits Convention Ctr. of New York*, 95-CV-9728 (LAP), 1998 WL 132796, at *2 (S.D.N.Y. Mar. 23, 1998).

To evaluate whether two jobs are substantially equal, courts look to skill, effort and responsibility. *See Chiaramonte v. Center*, 13-CV-5117 (KPF), 2016 WL 299026, at *8 (S.D.N.Y. Jan. 22, 2016); *Annunziata v. Int'l Bd. of Elec. Workers Local Union # 363*, 15-CV-03363 (NSR), 2018 WL 2416568, at *10 (S.D.N.Y. May 29, 2018).

Plaintiff's Amended Complaint fails to explain in a non-conclusory fashion any alleged comparator's job content. In other words, it does not describe the duties allegedly performed, the responsibilities undertaken, and the background and skill levels of Plaintiff or any alleged comparators. *See Port Auth.*, 768 F.3d at 256 (EPA claim must include "sufficient factual matter . . . to permit reasonable inference that the employees' job content was substantially equal."). It is also silent on similarity of working conditions, *i.e.*, whether alleged comparator had the same supervisor, same work hours, etc. *See Maack v. Wyckoff Heights Med. Ctr.*, 15-CV-3951 (ER), 2016 WL 3509338, at*11 n.18 (S.D.N.Y. June 21, 2016) (reviewing details such as difference in number of hours worked, time of day, and days of the week worked in dismissing EPA claim).

Plaintiff relies upon a smattering of allegations about the salaries of a number of employees. However, while Plaintiff alleges that many of these employees were attorneys, she fails to allege whether any of these attorneys (or any other employee) had jobs that were "substantially equal," whether their jobs required equal skill, effort, or responsibility, or whether any had substantially similar responsibilities, experience, backgrounds, training, or abilities. Not all attorneys perform the same jobs or have the same skills or responsibilities, and the mere fact that different attorneys earned different salaries is insufficient to establish a claim.

Furthermore, to the extent that Plaintiff attempts to identify certain individuals who were allegedly given greater leeway than she in negotiating their severance packages, those employees were not in the same role—or even the same department—as Plaintiff. For example, John

14

Ciampoli was not in the legal department; rather, he was counsel to the Board of Directors (Am. Cmplt. ¶ 83), and worked directly for the Board.  Plaintiff does not and cannot allege that any employee with a comparable role, title, and experience was given more flexibility than she was. That pleading failure dooms her claim.

Likewise, Plaintiff's allegation that Defendant sought certain documentation in response to Plaintiff's request for a length of service adjustment, but that "upon information and belief, such further documentation was not required of other former male elected officials who were subsequently employed by Nassau Health Care" (Am. Cmplt. ¶ 80), fails because Plaintiff does not actually identify any such former male elected officials.[5]

In light of the foregoing, the Amended Complaint fails to identify any valid comparator for its claims, and therefore, the elements of an equal pay claim are not pleaded.  *See Eng v. City of New York*, 715 F.App'x 49, 52 (2d Cir. 2017) (affirming dismissal on EPA claim where plaintiff's complaint failed to allege facts demonstrating that her and her comparators' respective job duties, skills, efforts or responsibilities were "substantially equal," or that the jobs were performed under similar working conditions).

## D.    Plaintiff's Gender Claims Fail Because Plaintiff Does Not Identify Any Adverse Action Taken On The Basis Of Gender.

Plaintiff's claims for gender discrimination under Title VII (fifth cause of action) and NYSHRL (seventh cause of action) fail because Plaintiff does not plausibly allege that she was subject to an adverse employment action because of her gender.

To state a claim for gender discrimination in employment under Title VII and the NYSHRL, a plaintiff must allege that "(1) she was within the protected class; (2) she was qualified

---

[5]    Plaintiff's arguments about her request for a length of service adjustment also fail for the separate and independently-sufficient reason that Plaintiff's avenue to pursue such a claim would have been to bring an Article 78 proceeding, which she never did.

for the position; (3) she was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination." *Russell v. Aid to Developmentally Disabled, Inc.*, 753 F.App'x 9, 13 (2d Cir. 2018); *Winston v. Verizon Servs. Corp.*, 633 F.Supp.2d 42, 49 (S.D.N.Y. 2009).

Plaintiff merely alleges that she was terminated in February 2018. (Am. Cmplt. ¶ 70). Plaintiff admits that, at around the same time of her termination, several male employees of NHCC were also terminated. (Am. Cmplt. ¶ 68, 83, 86, 89).[6] This does not come close to giving rise to a reasonable inference that Plaintiff was terminated or treated less well because of her gender. Accordingly, Plaintiff's gender discrimination claims should be dismissed.

**E.    Plaintiff's Claim For Hostile Work Environment Fails Because The Amended Complaint Lacks Any Well-Pleaded Claim Of Hostility.**

Plaintiff's separate hostile work environment claim under Title VII (sixth cause of action) should be dismissed because Plaintiff fails to allege any non-conclusory facts which could support a finding of any hostile work environment.

Plaintiff's hostile work environment claim is premised on the bald conclusion that "Defendant through its agents and employees created and condoned a hostile work environment against Plaintiff by humiliating and embarrassing her." (Am. Cmplt. ¶ 162). Nowhere does Plaintiff allege *what* specifically created a hostile environment or *how* Plaintiff was allegedly "humiliated" and "embarrassed." Moreover, even if Plaintiff had pleaded facts alleging embarrassment or humiliation, Plaintiff's claim would still fail because embarrassment or humiliation are insufficient to establish a legally cognizable claim for hostile work environment. *See Raum v. Laidlaw, Ltd.*, 173 F.3d 845 (2d Cir. 1999) (summary order) (affirming dismissal of

---

[6]    The Am. Cmplt. also contains a number of other allegations that male and female employees of NHCC were terminated, but does not include any information regarding when such terminations occurred.

hostile work environment claim where supervisor "repeatedly subjected [plaintiff] to obscene gestures and comments which caused [him] embarrassment and humiliation"); *Kearse v. ATC Healthcare Servs.*, 12-CV-233 (NRB), 2014 WL 958738, at *9 (S.D.N.Y. Mar. 11, 2014) (embarrassing comment "was not so severe as to materially alter the conditions of his employment."); *Craig v. Yale University School of Medicine*, 10-CV-1600 (JBA), 2013 WL 789718, at * 14 (D.Conn. Mar. 4, 2013) (harassment and deplorable treatment, including work pressure, inhospitable treatment, and humiliation, were insufficiently severe so as to permeate the workplace with discriminatory intent and establish a hostile work environment); *McGrath v. Reuters*, 10-CV-4944 (JSR)(JCF), 2012 WL 2119112 (S.D.N.Y. Apr. 30, 2012) (publicly humiliating plaintiff by tracking the number of times he went to the bathroom not actionable), *report and recommendation adopted at* 2012 WL 2122325 (S.D.N.Y. June 12, 2012), *aff'd at* 537 F.App'x 1 (2d Cir. 2013); *Chau–Kun Shih v. City of New York*, 03-CV-8279 (LAP), 2006 WL 2789986 (S.D.N.Y. Sept. 27, 2006) (incident involving a humiliating photograph of plaintiff insufficient to establish hostile work environment).

Likewise, in light of the lack of sufficient factual allegations, Plaintiff's conclusory recitation that the unidentified hostility was "was severe and pervasive enough to affect the terms and conditions of her employment" (Am. Cmplt. ¶ 163) cannot sustain her claim.

**F.      Because Plaintiff's Federal Claims Fail, The Court Lacks Subject Matter Jurisdiction Over This Action.**

The Amended Complaint fails to state any viable federal claim, as set forth above, and this Court therefore lacks subject matter jurisdiction over the action.  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of evidence that it exists[.]" *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  Because the Amended Complaint does not plead any actionable federal claims, once those claims are dismissed, the Court should

refuse to exercise supplemental jurisdiction over the remaining state law claims. *See Lifrak v. N.Y. City Council*, 389 F.Supp.2d 500 (S.D.N.Y. 2005) (dismissing federal claim and declining supplemental jurisdiction over remaining claims for lack of subject matter jurisdiction); *see also Humphrey v. Onondaga Cty. Sheriff's Dep't*, 120 F.App'x 395, 395 (2d Cir. 2005) (affirming district court's dismissal of the complaint in its entirety for failing to state a claim under federal law).

Where the analysis of a plaintiff's state law-based discrimination claim would be identical to the analysis under federal law for the plaintiff's federal discrimination claim, a court should decline to exercise jurisdiction of state or city law claims when the comparable federal claim is dismissed. Indeed, courts in this Circuit have declined to exercise jurisdiction over state and city law claims that mirror plaintiff's unexhausted and/or dismissed federal discrimination claims. *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 105 n.6 (2d Cir. 2010) (declining to exercise jurisdiction over state claims after dismissing ADEA claim); *Johnson v. DCM Erectors, Inc.*, 15-CV-5415 (PKC), 2017 WL 1435745, at *3 (S.D.N.Y. Apr. 21, 2017) (having dismissed Title VII claim, declining to exercise supplemental jurisdiction over NYSHRL and NYCHRL discrimination claim); *see also Wurtzburger v. Koret*, 16-CV-7897 (KMK), 2018 WL 2209507, at *4 (S.D.N.Y. May 14, 2018); *Mayo-Coleman v. Am. Sugar Holding, Inc.*, 14-CV-0079 (PAC) (KNF), 2015 WL 4393778, at *2 (S.D.N.Y. July 17, 2015).

## V.   CONCLUSION

For the foregoing reasons, the Court should grant NHCC's motion to dismiss Plaintiff's Amended Complaint, and award to NHCC such other and further relief as the Court deems just and proper.

Dated:     Brooklyn, New York
            February 7, 2020

**ABRAMS, FENSTERMAN,**
**FENSTERMAN, EISMAN,**
**FORMATO, FERRARA, WOLF**
**& CARONE, LLP**

 */s/ Justin T. Kelton*

Justin T. Kelton
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
Tel: (718) 215-5300
Fax: (718) 215-5304
*Attorneys for Defendant Nassau*
*Health Care Corporation*

19